UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 25-10359-FDS

UNITED STATES OF AMERICA

v.

CONNOR McAULIFFE

ORDER REVOKING PRETRIAL RELEASE

October 7, 2026

Boal, M.J.

Defendant Connor McAuliffe is charged in a petition with violating his conditions of pretrial release. The government moved to revoke McAuliffe's pretrial release. Docket No. 58. This Court held a hearing pursuant to 18 U.S.C. § 3148 on October 6, 2026. At that time, I revoked McAuliffe's release and ordered him detained. This order memorializes this Court's decision.

## I. BACKGROUND

McAuliffe is charged in an indictment with receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1) and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). An initial appearance was held on August 6, 2025, at which time the government moved for detention. After a detention hearing on August 12, 2025, this Court ordered McAuliffe released on conditions. As relevant to this decision, his conditions of release included that: (1) he not commit a federal, state, or local crime while on release; (2) he not possess pornographic materials of any kind, including pictures, photographs, books, writings, drawings, videos, or video games; and (3) he not access the internet at all and not possess any computer or other device capable of connecting to the internet, including any tablet, cell phone,

television, or gaming console, with the exception of a device approved by probation for the purposes of job searching and medical treatment. Docket No. 15.

On October 6, 2026, agents with Homeland Security Investigations executed a search warrant at McAuliffe's home based on several CyberTip reports received from the National Center for Missing & Exploited Children indicating that a Spotify user using an IP address that resolved to McAuliffe's residence and phone number had been using Spotify to communicate with other users and to upload images of suspected child pornography to Spotify. That activity occurred on various dates between April and September 2026.

During the search warrant execution, agents found McAuliffe to be in possession of a cell phone on his person. After unlocking the phone, agents observed that it was connected to the internet via a home WiFi connection. Agents also observed WhatsApp chats between McAuliffe and another individual, in which McAuliffe appeared to purchase potential child pornography files. Docket No. 58 at 3. In addition, the phone contained several child pornography and other sexually explicit images. Id. at 3-4.

## II. ANALYSIS

Pursuant to 18 U.S.C. § 3148(a), a person who has violated a condition of his pretrial release is subject to a revocation of release, an order of detention, and a prosecution for contempt of court. 18 U.S.C. § 3148(a). The court shall enter an order of revocation and detention if, after a hearing, the court finds that (1) there is "probable cause to believe that a person has committed a Federal, State or local crime while on release" or "clear and convincing evidence that the person has violated any other condition of release;" and (2) "there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety

of any other person or the community" or "the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b).

Based on the evidence presented, this Court finds there is probable cause to believe that McAuliffe committed a federal crime while on release, namely, the receipt and possession of child pornography. Therefore, "a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b). McAuliffe has not presented any evidence to rebut the presumption.

In addition, this Court finds that the government has shown by clear and convincing evidence that McAuliffe violated his conditions of release. Specifically, McAuliffe violated the condition that (1) he not possess pornographic materials of any kind, including pictures, photographs, books, writings, drawings, videos, or video games and (2) he not access the internet at all and not possess any computer or other device capable of connecting to the internet, including any tablet, cell phone, television, or gaming console, with the exception of a device approved by probation for the purposes of job searching and medical treatment. Given the alleged conduct, this Court also finds that McAuliffe is unlikely to abide by any condition or combination of conditions of release. Accordingly, I revoke McAuliffe's pretrial release.

## III. ORDER

Accordingly, it is ORDERED that the defendant be DETAINED pending trial, and is further ORDERED that:

(1) Connor McAuliffe be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Connor McAuliffe be afforded reasonable opportunity for private consultation with counsel; and

(3) on order of a court of the United States or on request by an attorney for the government, the person in charge of the corrections facility in which Connor McAuliffe is detained and confined deliver him to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge